1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   DOUGLAS GIBSON; HOLLY NOEL
     SHORTAL; EMERALD MAYANN
12   GIBSON,and AIDAN FORREST          No. 2:09-cv-01738-MCE-KJM
     GIBSON, minors, by and through
13   their Guardian Ad Litem,
     DOUGLAS GIBSON,
14

15           Plaintiffs,

16       v.                            MEMORANDUM AND ORDER

17   FEDEX CORPORATION; UNITED
     STATES OF AMERICAN,
18   DEPARTMENT OF VETERANS
     AFFAIRS,
19
             Defendants.
20

21                       ----oo0oo----

22

23       Plaintiffs Douglas Gibson, Holly Noel Shortal, Emerald

24   Mayann Gibson, and Aidan Forrest Gibson ("Plaintiffs") seek

25   monetary relief from Defendants Federal Express Corporation and

26   United States of America, Department of Veteran Affairs for

27   alleged negligence and federal statutory violations stemming from

28   the death of Noelle Ann Gibson.

                                 1

1    Presently before the Court is Defendant Federal Express

2  Corporation's ("FedEx") Motion to Dismiss pursuant to Fed. R.

3  Civ. Proc. 12(b)(6),[1] on the grounds that Plaintiffs fail to

4  state a claim upon which relief may be granted.  For the reasons

5  set forth below, the Court GRANTS Defendant FedEx's Motion to

6  Dismiss.[2]

7

8                            **BACKGROUND**

9

10    This is essentially a wrongful death action. On or about

11  August 18, 2007, Plaintiffs' decedent Noelle Ann Gibson

12  ("Decedent") allegedly died as a result of an overdose of

13  Hydrocodone.  Plaintiffs allege that Decedent improperly obtained

14  possession of such prescription through the negligence and

15  statutory violations of Defendants.

16    Plaintiffs allege that Defendant United States of America,

17  Department of Veteran Affairs ("VA") "operated and controlled the

18  Hines Consolidated Mail Order Pharmacy (CMOP), which supplied

19  prescription medications via United States mail and via defendant

20  FedEx Corporation to individuals within the County of Solano,

21  State of California."  (Compl. ¶ 4.)  Plaintiffs claim that on

22  July 20, 2007, Defendant VA, through the CMOP, caused to be

23  shipped, via Defendant FedEx, a prescription of Hydrocodone to be

24  delivered to a patient.

25  ────────────────

26        [1] Unless otherwise stated, all further references to a Rule
      are to the Federal Rules of Civil Procedure.

27        [2] Because oral argument would not be of material assistance,
28  the Court ordered this matter submitted on the briefs.  E.D. Cal.
      Local Rule 78-230(h).

1   Plaintiffs further allege that on July 23, 2007, Defendant FedEx

2   delivered said prescription to Decedent.   Plaintiffs assert

3   "decedent was not the intended patient for said prescription" and

4   "decedent was not authorized to accept either mail or

5   prescriptions on behalf of the intended patient."  (Compl. ¶¶ 11,

6   12.)  Plaintiffs allege that Defendant FedEx nevertheless allowed

7   Decedent to sign for delivery of said prescription, and that such

8   action was the custom and practice of FedEx.  Decedent died

9   twenty-six days later allegedly from an overdose of Hydrocodone.

10      Plaintiffs filed the present action on June 23, 2009,

11  alleging negligence and violations of an unspecified federal

12  statute.  Defendant FedEx now moves to dismiss all Claims

13  pursuant to Rule 12(b)(6) for Failure to State a Claim.

14

15                              **STANDARD**

16

17      On a motion to dismiss for failure to state a claim under

18  Rule 12(b)(6), all allegations of material fact must be accepted

19  as true and construed in the light most favorable to the

20  nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,

21  337-38 (9th Cir. 1996).  Federal Rule of Civil Procedure 8(a)(2)

22  requires only "a short and plain statement of the claim showing

23  that the pleader is entitled to relief," in order to "give the

24  defendant fair notice of what the...claim is and the grounds upon

25  which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct.

26  99, 2 L. Ed. 2d 80 (1957).

27  ///

28  ///

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level. <u>Id</u>. at 21 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

///
///
///
///
///

4

**ANALYSIS**

**A.   Wrongful Death based on Negligence**

Plaintiffs' First Claim alleges that Defendant FedEx negligently delivered a prescription of Hydrocodone to Decedent, who was not the intended patient, thereby causing Decedent's death.  Wrongful death is a statutorily created cause of action for pecuniary loss brought by heirs against a person who causes the death of another by a wrongful act or neglect.  <u>Jacoves v. United Merchandising Corp.</u>, 9 Cal. App. 4th 88, 105 (1992).  It is original in nature and does not represent a right of action that the deceased would have had if the deceased had survived the injury.  Cal. Civ. Proc. Code § 377; <u>Reyna v. San Francisco</u>, 69 Cal. App. 3d 876 (1977).  It is a cause of action for the heir who recovers for the pecuniary loss suffered on account of the death of the relative.  <u>Id</u>. at 882.

In any action for wrongful death resulting from negligence, the complaint must contain allegations as to all the elements of actionable negligence.  <u>Potter v. Richards</u>, 132 Cal. App. 2d 380, 385 (1955).  Negligence involves the violation of a legal duty imposed by statute, contract or otherwise, by the defendant to the person injured, e.g., the deceased in a wrongful death action.  <u>Nally v. Grace Community Church</u>, 47 Cal. 3d 278, 292 (1988).

///
///
///
///

1    In order to state a claim for negligence, a plaintiff must

2  allege: (1) the defendant had a legal duty to use due care;

3  (2) the defendant breached such legal duty; (3) the defendant's

4  breach was the proximate or legal cause of the resulting injury;

5  and (4) damage to the plaintiff.  Ladd v. County of San Mateo,

6  12 Cal. 4th 913, 917 (1996).  The existence of a legal duty on

7  the part of the defendant is a question of law to be determined

8  by the court.  Kentucky Fried Chicken of California, Inc. v.

9  Superior Court, 14 Cal. 4th 814, 819 (1997); Isaacs v. Huntington

10 Memorial Hospital, 38 Cal. 3d 112, 124 (1985).   When not

11 provided by statute, the existence of such a duty depends upon

12 the foreseeability of the risk and a weighing of policy

13 considerations for and against the imposition of liability.

14 Jacoves, supra, 9 Cal. App. 4th at 107.

15    Plaintiffs assert that Defendant FedEx "owed plaintiffs and

16 plaintiffs' decedent a duty not to engage in any conduct that

17 would cause injury to another."  (Compl. ¶ 15.)  Plaintiffs have

18 not provided the Court with any statute creating a duty, or a

19 special relationship giving rise to a duty, between private

20 carriers and recipients.  Thus, in order for such a duty to

21 exist, Defendant FedEx's alleged act of delivering the package to

22 Decedent must have created a foreseeable risk of harm to

23 Plaintiffs.

24    Plaintiffs do not allege that FedEx knew or should of known

25 of the contents of the package.  Plaintiffs do allege that

26 information accompanying the prescription stated: "CAUTION:

27 Federal law prohibits the transfer of this drug to any person

28 other than the patient for whom it was prescribed." (Compl. ¶ 10.)

1   However, Plaintiffs have not alleged that such a warning was

2   visible from the exterior of the package.  On the contrary, as

3   Defendant FedEx noted in its moving papers, federal law actually

4   prohibits indicia identifying the presence of controlled

5   substances on shipping packages.  (Def.'s Motion 7 fn.2.)  See

6   21 C.F.R. § 1301.74(e) ("[T]he registrant shall employ precautions

7   (e.g., assuring that shipping containers do not indicate that

8   contents are controlled substances) to guard against storage or

9   in-transit losses.").

10      Furthermore, although Plaintiffs assert that Decedent was

11   not the intended patient for the prescription, Plaintiffs fail to

12   allege that Defendant FedEx knew or should have known that

13   Decedent was not the intended recipient.  In fact, Plaintiffs do

14   not allege who was the intended patient or even to whom the

15   package was addressed.  Also, while Plaintiffs assert that

16   Decedent was not authorized to accept mail on behalf of the

17   intended recipient, there is no allegation that Defendant FedEx

18   knew that Decedent was not so authorized.  Plaintiffs do not

19   allege any facts that would indicate that Defendant FedEx, or any

20   of its employees, personally knew Decedent.  There is also a lack

21   of any factual allegations that would suggest that Defendant

22   FedEx knew or should have known that Decedent would misuse the

23   contents of package delivered to her.

24   ///

25   ///

26   ///

27   ///

28   ///

1      The complaint must contain "more than labels and

2 conclusions" or "a formulaic recitation of the elements of a

3 cause of action..." <u>Twombly</u>, <u>supra</u>, 550 U.S. at 544.  Here,

4 Plaintiffs have merely alleged that Defendant FedEx owed

5 Plaintiffs a duty but have not provided any facts that would

6 support such a conclusion.  The Court need not accept as true

7 conclusionary allegations or legal characterizations.  The

8 allegation that Defendant FedEx owed Plaintiffs a duty is merely

9 such a conclusion.  Plaintiffs have not set forth any factual

10 allegations that support such a conclusion.  Plaintiffs have not

11 indicated a special relationship between themselves and Defendant

12 FedEx that would give rise to such a legal duty.

13      Accordingly, Plaintiffs' First Claim must be dismissed with

14 leave to amend.

15

16      **B.    Violation of Federal Law**

17

18      Plaintiffs' Second Claim alleges that Defendant FedEx has

19 violated an unspecified federal law prohibiting "the delivery of

20 a controlled substance, such as Hydrocodone, to a person other

21 than the intended patient for whom the prescription was issued."

22 (Compl. ¶ 21.)  Plaintiffs further allege that Defendant FedEx

23 "violated said Federal Law by, among others, failing to insure

24 that the prescription shipped was delivered solely and only to

25 the intended patient[], and, in fact, by delivering said

26 prescription to plaintiffs' decedent."  (Compl. ¶ 22.)

27 ///

28 ///

1    The Court is unable to determine if Plaintiffs have stated a
2  cause of action under such federal law because Plaintiffs have
3  failed to identify the specific federal law that was allegedly
4  violated.  Just as the Court is unable to make any such
5  determination, Defendant FedEx is unable to respond to such
6  accusations in an answer.

7    While a complaint need not identify the statutory or
8  constitutional source of the claim raised in order to survive a
9  motion to dismiss, the *facts* alleged must provide "fair notice"
10 of the claim.  <u>Alvarez v. Hill</u>, 518 F.3d 1152, 1157 (9th Cir.
11 2008).  The factual allegations must be enough to raise a right
12 to relief "above the speculative level."  Plaintiffs must have
13 "nudged their claims across the line from conceivable to
14 plausible."  <u>Twombly</u>, <u>supra</u>, 550 U.S. at 570.

15    Plaintiffs allege that Defendant FedEx delivered a package
16 allegedly containing a prescription of Hydrocodone to decedent,
17 who was allegedly unauthorized to accept such package.  However,
18 while asserting that decedent was not the intended recipient,
19 Plaintiffs have not alleged that the package was delivered to the
20 wrong address or that Defendant FedEx knew or should have known
21 that decedent was not authorized to accept a package on behalf of
22 the intended recipient.  In fact, Plaintiffs have not alleged the
23 identity of the intended patient/recipient.  Furthermore, as
24 explained above, Plaintiffs have not alleged that Defendant FedEx
25 knew or should have known of the contents of the package, nor can
26 any such inference be reasonably drawn.

27 ///

28 ///

1    Therefore, even after accepting all well-pled accusations as
2    true, Plaintiffs have not stated a claim upon which relief can be
3    granted.  Plaintiffs have merely speculated that there is a
4    federal law that prohibits a private mail carrier from delivering
5    a package to anyone but the named recipient. As such, Plaintiffs
6    have failed to allege "enough *facts* to state a claim to relief
7    that is *plausible* on *its face*."  <u>Twombly</u>, <u>supra</u>, 550 U.S. at 547.

8    Accordingly, Plaintiffs' Second Claim must be dismissed with
9    leave to amend.

11                              **CONCLUSION**

13    Based on the foregoing, Defendant FedEx's Motion to Dismiss
14    (Docket No. 11) is GRANTED without prejudice.

15    The Court has serious doubts as to whether a claim can ever
16    be stated by the Plaintiffs on the theories advanced in the
17    complaint and the papers in opposition to the Motion to Dismiss.
18    Notwithstanding the Court's doubts, Plaintiffs may file a Second
19    Amended Complaint, should they choose to do so, not later than
20    twenty (20) days following the date of this Memorandum and Order.
21    ///
22    ///
23    ///
24    ///
25    ///
26    ///
27    ///
28    ///

10

1      In the event no amended pleading is filed within said twenty

2  (20)-day period, the Court will dismiss the action against

3  Defendant FedEx with prejudice and without further notice.

4      IT IS SO ORDERED.

5

  Dated: October 28, 2009

6

7

8                       MORRISON C. ENGLAND, JR.

                         UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28