UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DOUGLAS GIBSON; HOLLY NOEL SHORTAL, EMERALD MAYANN GIBSON, and AIDAN FORREST GIBSON, minors, by and through their Guardian Ad Litem, DOUGLAS GIBSON,

    Plaintiffs,

 v.

FEDEX CORPORATION; UNITED STATES OF AMERICA, DEPARTMENT OF VETERANS AFFAIRS,

    Defendants.

No. 2:09-cv-01738-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

Through this action, Plaintiffs Douglas Gibson, Holly Noel Shortal, Emerald Mayann Gibson, and Aiden Forrest Gibson ("Plaintiffs") bring suit for allegations of negligence and violations of federal law relating to the death of Noelle Ann Gibson. They seek monetary damages from the United States of America and the Department of Veterans Affairs ("Defendants") for claims brought under the Federal Tort Claims Act, 28 U.S.C. § 2817 et seq. ("FTCA").

1

Defendants now move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]  Defendants also move to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6).  For the reasons set forth below, Defendants' Motion to Dismiss under Rule 12(b)(1) is denied, and the Motion to Dismiss under Rule 12(b)(6) is granted.[2]

## BACKGROUND[3]

Plaintiffs, spouse and heirs of decedent Noelle Ann Gibson, bring what amounts to a wrongful death action.  According to Plaintiffs, the Department of Veterans Affairs operated Hines Consolidated Mail Order Pharmacy ("HCMP") in 2007.  On July 20, 2007, HCMP shipped a prescription for Hydrocodone via FedEx.  On July 23, 2007, this prescription was delivered to, signed for, and received by decedent.  Decedent was not the intended recipient of the medication, nor was she that recipient's agent.  Nearly one month later, on August 18, 2007, the decedent ingested the Hydrocodone, overdosed, and died.

///
///

---

[1] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

2

Plaintiffs brought suit against FedEx, the United States, and the Department of Veterans Affairs for negligence and "violation of Federal Law" for failing to ensure that the prescription was delivered solely to its intended recipient. FedEx filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), which was granted. The action against FedEx now terminated, the remaining defendants move to dismiss Plaintiffs' complaint under Rules 12(b)(1) and 12(b)(6).

## STANDARD

**A.   Motion to Dismiss Under Rule 12(b)(1)**

Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Lack of subject matter jurisdiction is never waived and may be raised by either party or the court at any time. Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d. 593, 594-95 (9th Cir. 1996). Lack of subject matter jurisdiction may be raised by the district court sua sponte: "Nothing is to be more jealously guarded by a court than its jurisdiction." In re Mooney, 841 F.2d. 1003, 1006 (9th Cir. 1988).

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack").

3

Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

**B.   Motion to Dismiss under Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

///
///
///
///

1     "While a complaint attacked by a Rule 12(b)(6) motion to
2 dismiss does not need detailed factual allegations, a plaintiff's
3 obligation to provide the grounds of his entitlement to relief
4 requires more than labels and conclusions, and a formulaic
5 recitation of the elements of a cause of action will not do."
6 Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
7 citations and quotations omitted).  "Factual allegations must be
8 enough to raise a right to relief above the speculative level."
9 Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and
10 Procedure § 1216 (3d ed. 2004) ("The pleading must contain
11 something more...than...a statement of facts that merely creates
12 a suspicion [of] a legally cognizable right of action").  In
13 order to "state a claim for relief that is plausible on its
14 face," Aschroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting
15 Twombly, 550 U.S. at 570), plaintiff must plead "factual content
16 that allows the court to draw the reasonable inference that the
17 defendant is liable for the misconduct alleged."  Id. at 1949.
18 "The plausibility standard is not akin to a probability
19 requirement, but it asks for more than a sheer possibility that a
20 defendant has acted unlawfully."  Id. at 1949 (internal citation
21 and quotation omitted).
22 ///
23 ///
24 ///
25 //
26 ///
27 ///
28 ///

    **C.    Leave to Amend**

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## ANALYSIS

**A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction**

"Federal sovereign immunity insulates the United States from suit in the absence of an express waiver of this immunity by Congress." Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (quoting Block v. North Dakota, 461 U.S. 273, 280 (1983)) (internal quotations omitted). The FTCA "waives the United States' sovereign immunity in a defined category of cases involving negligence committed by federal employees in the course of their employment." Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1018 (9th Cir. 2007) (quoting Dolan v. United States Postal Serv., 546 U.S. 481, 484 (2006)) (internal quotations omitted).

///

1 The Act provides that government can be subject to suit "in the
2 same manner and to the same extent as a private individual under
3 like circumstances."  28 U.S.C. § 2674.
4     Defendants argue that this Court lacks subject matter
5 jurisdiction because the federal government has not waived its
6 sovereign immunity.  They contend that no negligent act or
7 omission by a federal employee has been alleged in Plaintiffs'
8 complaint.  Plaintiffs, in their opposition, cite to various
9 provisions of the California Business and Professions Code to
10 support their claim that a private pharmacy would be liable in
11 this instance, and that therefore the government is subject to
12 suit.
13     The Ninth Circuit has held that where "the jurisdictional
14 issue and substantive issues are so intertwined that the question
15 of jurisdiction is dependent on the resolution of factual issues
16 going to the merits, the jurisdictional determination should
17 await a determination of the relevant facts on either a motion
18 going to the merits or at trial." Augustine v. United States,
19 704 F.2d 1074, 1077 (9th Cir. 1983) (internal citations omitted).
20 See also Autery v. United States, 424 F.3d 944, 956 (9th Cir.
21 2005).  "[T]he moving party should prevail only if the material
22 jurisdictional facts are not in dispute and the moving party is
23 entitled to prevail as a matter of law." Augustine, 704 F.2d at
24 1077.
25 ///
26 ///
27 ///
28 ///

7

In the case at hand, the parties dispute many of the "material jurisdictional facts." Defendants assert that Plaintiffs have not alleged sufficient facts to show that Defendants are responsible for the alleged misdelivery of the Hydrocodone prescription. Defendants' objections to Plaintiffs' claims cut to the merits of Plaintiffs' complaint and are better addressed through a Rule 12(b)(6) motion, as discussed below.

In light of the foregoing, Defendants' Motion to Dismiss for lack of subject matter jurisdiction is denied without prejudice.

**B.   Motion to Dismiss for Failure to State a Claim**

**1.   Negligence Cause of Action**

Plaintiffs allege in their first claim that Defendants negligently caused to be shipped a prescription of Hydrocodone to decedent, who was not the intended recipient, thereby causing decedent's death. Wrongful death is a statutorily created cause of action for pecuniary loss brought by heirs against a person who causes the death of another by a negligent or wrongful act. Jacoves v. United Merch. Corp., 9 Cal. App. 4th 88, 105 (1992). Negligence involves the violation of a legal duty--imposed by statute, contract, or otherwise--by the defendant to the person injured, e.g., the deceased in a wrongful death action. Nally v. Grace Cmty. Church, 47 Cal. 3d 278, 292 (1988).

In any action for wrongful death resulting from negligence, the complaint must contain allegations as to all the elements of actionable negligence. Potter v. Richards, 132 Cal. App. 2d 380, 385 (1955).

A plaintiff must allege: (1) the defendant had a legal duty to use due care; (2) the defendant breached such legal duty; (3) the defendant's breach was the proximate or legal cause of the resulting injury; and (4) damage to the plaintiff. <u>Ladd v. County of San Mateo</u>, 12 Cal. 4th 913, 917 (1996). The existence of a legal duty on the part of the defendant is a question of law to be determined by the court. <u>Kentucky Fried Chicken of California, Inc. v. Superior Court</u>, 14 Cal. 4th 814, 819 (1997); <u>Isaacs v. Huntington Mem'l Hosp.</u>, 38 Cal. 3d 112, 124 (1985). When not provided by statute, the existence of such a duty depends upon the foreseeability of the risk and a weighing of policy considerations for and against the imposition of liability. <u>Jacoves</u>, 9 Cal. App. 4th at 107.

Plaintiffs assert that Defendants "owed plaintiff and plaintiffs' decedent a duty not to engage in any conduct that would cause an injury to another." (Compl. ¶ 15.) Plaintiffs have not cited in their complaint to a statute creating either a duty or a special relationship that would give rise to a duty between a pharmacy and a third party.[4] Thus, in order for such a duty to exist, Plaintiffs must allege that an act on the part of Defendants created a foreseeable risk of harm to decedent.

///
///
///

---

[4] In their opposition to Defendants' motion to dismiss, Plaintiffs cite to California Business and Professions Code §§ 4120, 4112, and 4059.5(b), which regulate nonresident pharmacies and the delivery of prescription drugs. Because these provisions of California law were not included in the operative complaint, the Court shall not address them here.

9

Plaintiffs do not allege any behavior on the part of Defendants that would indicate the creation of a foreseeable risk. Plaintiffs do not name the intended patient or specify to whom the package of Hydrocodone was addressed. Plaintiffs do not claim that an employee of Defendants misaddressed the package or in any way contributed to its misdelivery to decedent. Plaintiffs fail to allege how a pharmacy, whose employees are not present at the time of the delivery, owes a duty to a third party for the misdelivery of a package containing prescription drugs. There is also no factual allegation that Defendants knew or should have known that a third party would open the package and misuse its contents.

Accordingly, Plaintiffs' claim for negligence is dismissed with leave to amend.

### 2.   **Violation of Federal Law**

Plaintiffs' second claim alleges that Defendants violated an unspecified federal law prohibiting "the delivery of a controlled substance, such as Hydrocodone, to a person other than the intended patient for whom the prescription was issued." (Compl. ¶ 21.) Plaintiffs further allege that Defendants "violated said Federal Law by, among others, failing to insure [sic] that the prescription shipped was delivered solely and only to the intended patient[], and, in fact, by delivering said prescription to plaintiffs' decedent." (Compl. ¶ 22.)

///
///

10

While a complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss, the facts alleged must provide "fair notice" of the claim.  Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008).  The factual allegations must be enough to raise a right to relief "above the speculative level."  Twombly, 550 U.S. at 570.

Because Plaintiffs have failed to identify the specific provision of federal law that was allegedly violated, Defendants have not been put on sufficient notice of the claims against them.  Even after accepting all well-pled accusations as true, Plaintiffs have not stated a claim upon which relief can be granted.

Accordingly, Plaintiffs' claim for violation of federal law is dismissed with leave to amend.

**C.   Motion to Dismiss Improper Party Defendant**

Defendants argue that federal agencies cannot be sued in tort, and that therefore the claims against the Department of Veteran's Affairs must be dismissed.  The FTCA provides that once it has been determined that a defendant employee was acting in an official capacity when the claim arose, "any civil action or proceeding commenced upon such a claim in a United States district court shall be deemed an action against the United States..., and the United States shall be substituted as the party defendant."  28 U.S.C. § 2679(d)(1).

///

11

In light of the foregoing, the Department of Veteran's Affairs is an improper defendant in this action. Defendants' Motion to Dismiss Improper Party Defendant is unopposed and is granted.

### CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss (Docket No. 24) is DENIED as to Rule 12(b)(1) and is GRANTED with leave to amend as to Rule 12(b)(6). Defendants' Motion to Dismiss Improper Party Defendant is GRANTED. The Clerk is directed to terminate Defendant Department of Veteran's Affairs. The United States of America remains as the proper Defendant, pending the filing of an amended complaint.

Plaintiffs may file an amended complaint not later than twenty (20) days after this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, the Court will dismiss Plaintiffs' claims without further notice and without leave to amend.

IT IS SO ORDERED.

Dated: July 12, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

12