UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DOUGLAS GIBSON, HOLLY NOEL          No. 2:09-cv-01738-MCE-KJM
SHORTAL, EMERALD MAYANN GIBSON,
and AIDAN FORREST GIBSON, minors,
by and through their Guardian Ad
Litem, DOUGLAS GIBSON,

        Plaintiffs,

   v.                              <u>MEMORANDUM AND ORDER</u>

FEDEX CORPORATION, UNITED STATES
OF AMERICA, DEPARTMENT OF
VETERANS AFFAIRS,

        Defendants.

----oo0oo----

Through this action, heirs of Decedent Noelle Ann Gibson ("Decedent"), Plaintiffs Douglas Gibson, Holly Noel Shortal, Emerald Mayann Gibson, and Aiden Forrest Gibson ("Plaintiffs"), bring suit for allegations of negligence and violations of federal law resulting in Decedent's death.  They seek monetary damages from the United States of America ("Defendant") for claims brought under the Federal Tort Claims Act, 28 U.S.C. § 2817 <u>et</u> <u>seq.</u> (the "FTCA").

1

1   Because the Defendant claims sovereign immunity with regard
2   to these claims, it moves to dismiss Plaintiffs' First Amended
3   Complaint for lack of subject matter jurisdiction pursuant to
4   Federal Rule of Civil Procedure 12(b)(1).[1] Defendant also moves
5   to dismiss for failure to state a claim upon which relief may be
6   granted under Rule 12(b)(6).  For the reasons set forth below,
7   the Court denies Defendant's Motion to Dismiss under
8   Rule 12(b)(1), and grants their Motion to Dismiss under
9   Rule 12(b)(6).[2]

10

11                              **BACKGROUND**

12

13   This is a claim for negligence and damages from the
14   Defendant's alleged violations of the Federal Tort Claims Act.
15   On or about August 18, 2007, Plaintiffs' Decedent, Noelle Ann
16   Gibson, allegedly died from an overdose of Hydrocodone.
17   Plaintiffs allege that through Defendant's negligence and
18   statutory violations, Decedent improperly obtained possession of
19   a Hydrocodone prescription, which allegedly led to her untimely
20   death.
21   On July 20, 2007, Defendant's agent, Hines Consolidated Mail
22   Order Pharmacy (hereinafter CMOP), shipped a prescription of
23   Hydrocodone to Albert E. Madkins at his residential address.
24   Mr. Madkins was the intended recipient of the prescription.

25

26   [1] Unless otherwise noted, all further references to Rule or
     Rules are to the Federal Rules of Civil Procedure.

27   [2] Because oral argument will not be of material assistance,
28   the Court orders this matter submitted on the briefs.  E.D. Cal.
     Local Rule 230(g).

Decedent was never Mr. Madkins' agent and Mr. Madkins is not a party in this action.   Nearly one month later, on August 18, 2007, the Decedent ingested Hydrocodone, overdosed, and died.

Plaintiffs brought suit against FedEx Corp. ("FedEx"), the United States, and the Department of Veterans Affairs for negligence, violating federal law, and failing to ensure that the prescription was delivered solely to its intended recipient. FedEx filed a Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6) (ECF No. 11) which was granted by this Court.   (ECF No. 16.)   The Department of Veteran Affairs filed a Motion to Dismiss Improper Defendant under 26 U.S.C. § 2679(d)(1) (ECF No. 24) which was granted.   (ECF No. 28.)   The actions against FedEx and the Department of Veteran Affairs now terminated, the remaining Defendant moves to dismiss Plaintiffs' First Amended Complaint ("FAC") under Rules 12(b)(1) and 12(b)(6).   (ECF No. 29.)

**STANDARD**

**A.    Motion to Dismiss Under Rule 12(b)(1)**

Rule 12(b)(1) permits the dismissal of a civil matter if a party can establish that the court lacks subject matter jurisdiction over the claim.   Since federal courts are presumptively without jurisdiction over civil actions, the burden of establishing jurisdiction rests upon the party asserting jurisdiction.

///

///

1  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)

2  (explaining that either diversity of citizenship or a federal

3  question is required for federal court to assert subject matter

4  jurisdiction over a case); Kokkonen v. Guardian Life Ins. Co. of

5  Am., 511 U.S. 375, 377 (1994) (the burden of establishing federal

6  jurisdiction lies upon the party asserting jurisdiction).  The

7  "objection that a federal court lacks subject-matter jurisdiction

8  [under] Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party,

9  or by a court on its own initiative, at any stage in the

10  litigation, even after trial and the entry of judgment." Arbaugh

11  v. Y & H Corp., 546 U.S. 500, 506 (2006).  "Nothing is to be more

12  jealously guarded by a court than its jurisdiction." In re

13  Mooney, 841 F.2d. 1003, 1006 (9th Cir. 1988) (overruled on other

14  grounds by Partington v. Gedan, 923 F.2d 686 (9th Cir. 1991)).

15  Subject matter jurisdiction requirements can never be forfeited

16  or waived.  United States v. Cotton, 535 U.S. 625, 630 (2002).

17       In moving to dismiss for lack of subject matter

18  jurisdiction, the challenging party may either make a "facial

19  attack" on the allegations contained in the complaint, or take

20  issue with subject matter jurisdiction on a factual basis

21  ("factual attack").  Thornhill Publ'g Co. v. Gen. Tel. & Elect.

22  Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed.

23  Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the

24  motion constitutes a facial attack, the court must consider the

25  factual allegations of the complaint to be true.  Williamson v.

26  Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at

27  891.

28  ///

4

In a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." <u>Thornhill</u>, 594 F.2d at 733 (quoting <u>Mortensen</u>, 549 F.2d at 891).

**B.   Motion to Dismiss under Rule 12(b)(6)**

A party may seek dismissal of a claim if the pleadings are insufficient because they fail to state a claim upon which relief may be granted.  On a motion to dismiss for failure to state a claim under Rule 12(b)(6), "all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party."  <u>Cahill v. Liberty Mut. Ins. Co</u>., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." ///

1   Id. (citing 5 C. Wright & A. Miller, Federal Practice and
2   Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain
3   something more...than...a statement of facts that merely creates
4   a suspicion [of] a legally cognizable right of action.").  If the
5   "plaintiffs...have not nudged their claims across the line from
6   conceivable to plausible, their complaint must be dismissed."
7   Twombly, 550 U.S. at 570.

8        Once the court grants a motion to dismiss, they must then
9   decide whether to grant a plaintiff leave to amend.  Rule 15(a)
10  authorizes the court to freely grant leave to amend when there is
11  no "undue delay, bad faith, or dilatory motive on the part of the
12  movant." Foman v. Davis, 371 U.S. 178, 182 (1962).  In fact,
13  leave to amend is generally only denied when it is clear that the
14  deficiencies of the complaint cannot possibly be cured by an
15  amended version.  See DeSoto v. Yellow Freight Sys., Inc., 957
16  F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police
17  Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should
18  not be dismissed under Rule 12(b)(6) unless it appears beyond
19  doubt that the plaintiff can prove no set of facts in support of
20  his claim would entitle him to relief.") (internal citations
21  omitted).
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**ANALYSIS**

Plaintiffs allege negligence and violations of the FTCA, and seek monetary relief from the Defendant.  The issues before the Court are (1) whether it lacks subject matter jurisdiction over the claim pursuant to Rule 12(b)(1); and (2) whether the Court should dismiss the claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The United States is insulated from suit by federal sovereign immunity, unless expressly waived by Congress. Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (quoting Block v. North Dakota, 461 U.S. 273, 280 (1983)).  The FTCA "waives the United States' sovereign immunity 'in a defined category of cases involving negligence committed by federal employees in the course of their employment.'"  Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1018-19 (9th Cir. 2007) (quoting Dolan v. U.S. Postal Serv., 546 U.S. 481, 484 (2006)). The Act provides that government can be subject to suit "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.

Defendant argues that this Court lacks subject matter jurisdiction because the federal government has not waived its sovereign immunity.  (Def.'s Mot. To Dismiss at 3.)  In support of this argument, Defendant contends that Plaintiffs have not alleged any negligent act or omission by a federal employee.

7

1   (Id. at 4.)  Plaintiffs' Opposition cites various provisions of

2   the California Business and Professions Code as support that a

3   private pharmacy would be liable in this instance, thus the

4   government is subject to suit.  (Pls.' Opp'n 4.)

5       The Ninth Circuit has held that "where the jurisdictional

6   issue and substantive issues are so intertwined that the question

7   of jurisdiction is dependent on the resolution of factual issues

8   going to the merits, the jurisdictional determination should

9   await a determination of the relevant facts on either a motion

10  going to the merits or at trial." Augustine v. United States,

11  704 F.2d 1074, 1077 (9th Cir. 1983) (citing Thornhill, 594 F.2d

12  at 733-35).  See also Autery v. United States, 424 F.3d 944, 956

13  (9th Cir. 2005).

14      In the case at hand, the parties dispute many of the

15  material jurisdictional facts.  Defendant asserts that Plaintiffs

16  have not alleged sufficient facts to show that Defendant is

17  responsible for the alleged misdelivery of the Hydrocodone

18  prescription.  (Def.'s Mem. 4-5.)  Defendant's objections to

19  Plaintiffs' claims cut to the merits of Plaintiffs' complaint and

20  are better addressed through a Rule 12(b)(6) motion, as discussed

21  below.  Therefore, Defendant's Motion to Dismiss for lack of

22  subject matter jurisdiction is denied without prejudice.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    **B.    Motion to Dismiss for Failure to State a Claim**

2         **1.    Negligence Cause of Action**

3

4         Plaintiffs allege that Defendant, through its agent, CMOP,

5    negligently shipped a prescription of Hydrocodone to Decedent who

6    was not the intended recipient thereby causing Decedent's death.

7    (FAC ¶¶ 12-15.)  Wrongful death is "a statutorily created cause

8    of action" that permits heirs to recover pecuniary losses from

9    someone who, through a negligent or wrongful act, caused

10   decedent's death.  Jacoves v. United Merch. Corp., 9 Cal. App.

11   4th 88, 105 (1992).  Negligence "involves the violation of a

12   legal duty, imposed by statute, contract, or otherwise, by the

13   defendant to the person injured," i.e., the deceased in a

14   wrongful death action.  Nally v. Grace Cmty. Church, 47 Cal. 3d

15   278, 292 (1988).

16        In any action for wrongful death resulting from negligence,

17   the complaint must contain allegations as to all the elements of

18   actionable negligence.  Twombly, 550 U.S. at 562.  A plaintiff

19   must allege: (1) the defendant had a legal duty to use due care;

20   (2) the defendant breached such legal duty; (3) the defendant's

21   breach was the proximate or legal cause of the resulting injury;

22   and (4) damage to the plaintiff.  Ladd v. County of San Mateo,

23   12 Cal. 4th 913, 917 (1996).  The existence of a defendant's

24   legal duty is a question of law to be determined by the court.

25   Ky. Fried Chicken of Cal., Inc. v. Superior Court, 14 Cal. 4th

26   814, 819 (1997); Isaacs v. Huntington Mem'l Hosp., 38 Cal. 3d

27   112, 124 (1985).

28   ///

1   When not provided by statute, the existence of such a duty

2   "depends upon the foreseeability of the risk and a weighing of

3   policy considerations for and against the imposition of

4   liability." Jacoves, 9 Cal. App. 4th at 107.

5        Plaintiffs assert that Defendant "owed plaintiffs and

6   plaintiffs' Decedent a duty not to engage in any conduct that

7   would cause an injury to another.  In addition, defendant owed

8   plaintiffs and plaintiffs' decedent a duty not to deliver a

9   controlled substance to anyone other than the intended recipient

10  pursuant to" various sections of the California Business and

11  Professions Code.  (FAC ¶ 13)  While Plaintiffs have cited in

12  their complaint a statute as requested by this Court in its

13  previous Order (See ECF No. 28 at 9), they do not allege which

14  specific statute creates either a duty or a special relationship

15  that would give rise to a duty between a pharmacy and a third

16  party.[3]  Plaintiffs also do not allege specific facts regarding

17  how Defendant's actions violated an applicable statute section.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

25  [3] Plaintiffs cite to California Business and Professions
    Code §§ 4120, 4112, and 4059.5(b), which regulate nonresident

26  pharmacies and the delivery of prescription drugs, curing only
    the defect that the provisions of applicable law were missing

27  from the original Complaint.  Plaintiffs' FAC deficiency is that
    it fails to allege sufficient facts to prove Defendant (1) owed

28  Plaintiffs a duty under these statutes, and (2) Defendant
    violated this duty. (See FAC ¶ 3.)

In its Opposition to Defendant's Motion to Dismiss the Complaint, Plaintiffs provide no facts to satisfy its burden under Rule 12(b)(6).[4]  Thus, in order for such a duty to exist, Plaintiffs must allege that Defendant's actions created a foreseeable risk of harm to Decedent.

Plaintiffs do not allege any behavior on the part of Defendant that would indicate the creation of a foreseeable risk. They also fail to allege how a pharmacy, whose employees are not present at the time of the delivery, owes a duty to a third party for the misdelivery of a package containing prescription drugs. There is no factual allegation that Defendant knew or should have known that a third party would open the package and misuse its contents.  Accordingly, Defendant's Motion to Dismiss is granted with leave to amend.

## 2.   Violation of Federal Law

Plaintiffs' second claim alleges that Defendant violated 21 U.S.C. § 801 et seq., and 21 U.S.C. § 812 by failing to ensure that the Hydrocodone "was delivered solely and only to the intended patient," and by "not prohibiting the delivery of said prescription to plaintiffs' decedent."  (FAC ¶¶ 20-21.)

---

[4] In the "Sovereign Immunity" discussion of their Opposition to Defendants' Motion to Dismiss Plaintiffs' FAC (relating to Defendant's Motion to Dismiss pursuant to Rule 12(b)(1)), Plaintiffs cite to California Business and Professions Code §§ 4120, 4112, and 4059.5(b), which regulate nonresident pharmacies and the delivery of prescription drugs, alleging failure to register with the Pharmacy Board.  The Court fails to see how this renders Defendant subject to liability for their conduct.  (Opp'n to Def. Mot. Dismiss, pp. 5.)

1    While a complaint need not identify the statutory source of
2  the claim raised in order to survive a motion to dismiss, the
3  facts alleged must provide "fair notice" of the claim.  <u>Alvarez</u>
4  <u>v. Hill</u>, 518 F.3d 1152, 1157 (9th Cir. 2008) (quoting <u>Twombly</u>,
5  550 U.S. at 545).  The "factual allegations must be enough to
6  raise a right to relief above the speculative level." <u>Twombly</u>,
7  550 U.S. at 545, 555.  Plaintiffs' mere conclusion that Defendant
8  has violated a federal statute does not meet the <u>Twombly</u>
9  standard.

10    Plaintiffs have failed to allege specific statute violations
11 or facts regarding how Defendant's actions violated the
12 applicable statutes.  Even after accepting all well-pled
13 accusations as true, Plaintiffs have not stated a claim upon
14 which relief can be granted.  Accordingly, Defendant's Motion to
15 Dismiss is granted with leave to amend.

16
17                           **CONCLUSION**
18
19    Based on the foregoing, Defendants' Motion to Dismiss (ECF
20 No. 24) is DENIED as to Rule 12(b)(1), and is GRANTED with leave
21 to amend as to Rule 12(b)(6).  Plaintiffs may file an amended
22 complaint not later than twenty (20) days after this Memorandum
23 and Order is filed electronically.
24 ///
25 ///
26 ///
27 ///
28 ///

                                 12

If no amended complaint is filed within said twenty (20)-day period, the Court will dismiss Plaintiffs' claims without further notice and without leave to amend.

IT IS SO ORDERED.

Dated: October 19, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

13